1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7

CENTRAL DISTRICT OF CALIFORNIA

8

9  ANDREAS KNUTTEL, MATTHEW
   JURANEK, AND ADRIANA CARLIN as
10 individuals, on behalf of themselves, the
   general public and those similarly situated,
11
12                          Plaintiffs,
13         v.
   OMAZE, INC., a Delaware Corporation,
14
                            Defendant.
15

Case No.     2:21-cv-09034-SB-PVCx

STIPULATED PROTECTIVE ORDER

[NOTE CHANGES MADE BY THE
COURT]

16

17  1.      PURPOSES AND LIMITATIONS

18         Disclosure and discovery activity in this action are likely to involve production of

19  confidential, proprietary, or private information for which special protection from public disclosure

20  and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly,

21  the parties hereby stipulate to and petition the court to enter the following Stipulated Protective

22  Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures

23  or responses to discovery and that the protection it affords from public disclosure and use extends

24  only to the limited information or items that are entitled to confidential treatment under the

25  applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that

26  this Stipulated Protective Order does not entitle them to file confidential information under seal;

27  Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be

28  applied when a party seeks permission from the court to file material under seal.

1        **A.**     **GOOD CAUSE STATEMENT**

2            This action is likely to involve trade secrets, customer and pricing lists and other

3    valuable research, development, commercial, financial, technical and/or proprietary

4    information for which special protection from public disclosure and from use for any purpose

5    other than prosecution of this action is warranted.  Such confidential and proprietary materials

6    and information consist of, among other things, confidential business or financial information,

7    information regarding confidential business practices, or other confidential research,

8    development, or commercial information (including information implicating privacy rights of

9    third parties), information otherwise generally unavailable to the public, or which may be

10   privileged or otherwise protected from disclosure under state or federal statutes, court rules,

11   case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate

12   the prompt resolution of disputes over confidentiality of discovery materials, to adequately

13   protect information the parties are entitled to keep confidential, to ensure that the parties are

14   permitted reasonable necessary uses of such material in preparation for and in the conduct of

15   trial, to address their handling at the end of the litigation, and serve the ends of justice, a

16   protective order for such information is justified in this matter.  It is the intent of the parties

17   that information will not be designated as confidential for tactical reasons and that nothing be

18   so designated without a good faith belief that it has been maintained in a confidential, non-

19   public manner, and there is good cause why it should not be part of the public record of this

20   case.

21   2.     DEFINITIONS

22        2.0    "ATTORNEYS' EYES ONLY": information (regardless of how it is generated,

23   stored, or maintained) that is highly confidential and/or sensitive in nature and the Party

24   reasonably believes that the disclosure of such material is likely to cause it potential economic

25   harm or potential competitive disadvantage.

26        2.1    Challenging Party:  a Party or Non-Party that challenges the designation of

27   information or items under this Order.

28        2.2    "CONFIDENTIAL" Information or Items:   information (regardless of how it is

generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) ), which may include, but is not limited to:

    (a)    Information that constitutes a trade secret in accordance with Uniform Trade Secrets Act;

    (b)    Communications prohibited from disclosure by statute or regulation; and/or

    (c)    Information, materials, and/or other documents reflecting non-public business or financial information or strategies, other proprietary information, and/or confidential competitive information which, if disclosed, would result in competitive harm to the disclosing party.

However, the protections conferred by this Order do not cover the following information:

    (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and/or

    (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

    2.3    <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

    2.4    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

    2.5    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.6    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

1    consultant in this action.

2        2.7    <u>In-House Counsel</u>:  attorneys who are employees of a Party to this action. In-House

3    Counsel does not include Outside Counsel of Record or any other outside counsel.

4        2.8    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal

5    entity not named as a Party to this action.

6        2.9    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party to this action

7    but are retained to represent or advise a Party to this action and have appeared in this action on

8    behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

9        2.10    <u>Party</u>:  any party to this action, including all of its officers, directors, employees,

10   consultants, retained experts, and Outside Counsel of Record (and their support staffs).

11       2.11    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery

12   Material in this action.

13       2.12    <u>Professional Vendors</u>:  persons or entities that provide litigation support services

14   (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing,

15   storing, or retrieving data in any form or medium) and their employees and subcontractors.

16       2.13    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as

17   "CONFIDENTIAL"  or "ATTORNEYS' EYES ONLY."

18       2.14    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a

19   Producing Party.

20   3.    <u>SCOPE</u>

21       The protections conferred by this Stipulation and Order cover not only Protected Material (as

22   defined above), but also (1) any information copied or extracted from Protected Material; (2) all

23   copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

24   conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

25   However, the protections conferred by this Stipulation and Order do not cover the following

26   information: (a) any information that is in the public domain at the time of disclosure to a Receiving

27   Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

28   publication not involving a violation of this Order, including becoming part of the public record

4

through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. For a period of twelve (12) months after final disposition of this litigation, this Court will retain jurisdiction to enforce the terms of this Order.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)   for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identifies on the record before the close of the deposition, hearing, or other proceeding or within thirty (30) days of receipt of the deposition transcript from the court reporter ("30-day period"), all protected testimony, Disclosure or Discovery Material.  The entire deposition transcript will be considered by the Parties as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" during the 30-day period.  After the 30-day period, if no Party has designated some or all of that deposition transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Protective Order, the entire deposition, or those portions of the deposition not designated as confidential, will no longer be considered confidential.

(c)   for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).  For any information transmitted by electronic means, the label "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall appear in the transmittal e-mail and/or on the title of the digital document or documents or other media through which they are conveyed.

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  The Parties must engage in a substantive meet and confer to attempt to resolve the challenge in good faith.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Parties shall file a joint letter brief directed to Magistrate Judge Castillo seeking resolution of the dispute within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the Designating Party to provide a letter brief for joint submission within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. If either Party refuses to participate in submission of a joint letter brief, the Party seeking a court order may file a letter brief of 3 pages or less, which shall include a description of their efforts to obtain the opposing Party's participation and basis for filing a letter brief without the opposing Party.  The opposing Party may then respond by letter brief of 2 pages or less.

The burdens of proof and persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until

1    the court rules on the challenge.

2    7.      ACCESS TO AND USE OF PROTECTED MATERIAL

3          7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or

4    produced by another Party or by a Non-Party in connection with this case only for prosecuting,

5    defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

6    the categories of persons and under the conditions described in this Order. When the litigation has

7    been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

8    DISPOSITION).

9          Protected Material must be stored and maintained by a Receiving Party at a location and in a

10   secure manner that ensures that access is limited to the persons authorized under this Order.

11         7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by

12   the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

13   information or item designated "CONFIDENTIAL" only to:

14         (a)  the Receiving Party's In-House Counsel and Outside Counsel of Record in this

15   action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary

16   to disclose the information for this litigation and who have signed the "Acknowledgment and

17   Agreement to Be Bound" that is attached hereto as Exhibit A;

18         (b)  the officers, directors, and employees of the Receiving Party to whom disclosure is

19   reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement

20   to Be Bound" (Exhibit A);

21         (c) Experts (as defined in this Order) of the Producing Party may be shown or

22   examined on any information, document or thing designated "CONFIDENTIAL" by the

23   Producing Party;(d)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is

24   reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement

25   to Be Bound" (Exhibit A);

26         (e)  the court and its personnel;

27         (f)  court reporters and their staff, professional jury or trial consultants, mock jurors, and

28   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

1    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2         (g) any deponent may be shown or examined on any information, document or

3    thing designated "CONFIDENTIAL" if it appears that the witness authored or received a copy

4    of it, was involved in the subject matter described therein, or if the Producing Party consents

5    to such disclosure, provided that any deponent who is no longer employed by the Producing

6    Party shall be first required to sign the Acknowledgment and Agreement to Be Bound"

7    (Exhibit A);

8         (h)  the author or recipient of a document containing the information or a custodian or

9    other person who otherwise possessed or knew the information;

10        (i) any mediator or settlement officer, and their supporting personnel, mutually agreed

11   upon by any of the Parties engaged in settlement discussions;

12        (j) any other person as to whom the Designating Party has consented to disclosure in

13   advance; and

14        (k) such other persons as the parties may agree or may be ordered by the Court.

15        7.3    Disclosure of "ATTORNEYS' EYES ONLY" Information or Items. Unless

16   otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party

17   may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to the

18   extent provided in Sections 7.2(a), (c), (d), (e), (f), (g), (h), (j) and (k).  Plaintiffs' counsel may

19   disclose information derived from AEO documents, but not the AEO documents themselves or

20   AEO exhibits to any filing, to an individual Plaintiff if necessary for the purpose of drafting briefs

21   or facilitating settlement, if the individual Plaintiff has executed the "Acknowledgment and

22   Agreement to Be Bound" (Exhibit A).

23   8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

24         LITIGATION

25        If a Party is served with a subpoena or a court order issued in other litigation that compels

26   disclosure of any information or items designated in this action as "CONFIDENTIAL" or

27   "ATTORNEYS' EYES ONLY" that Party must:

28        (a)  promptly notify in writing the Designating Party. Such notification shall include a

1  copy of the subpoena or court order;

2  (b)  promptly notify in writing the party who caused the subpoena or order to issue in the

3  other litigation that some or all of the material covered by the subpoena or order is subject to this

4  Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

5  (c)  cooperate with respect to all reasonable procedures sought to be pursued by the

6  Designating Party whose Protected Material may be affected.

7  If the Designating Party timely seeks a protective order, the Party served with the subpoena

8  or court order shall not produce any information designated in this action as "CONFIDENTIAL" or

9  "ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or

10  order issued, unless the Party has obtained the Designating Party's permission. The Designating

11  Party shall bear the burden and expense of seeking protection in that court of its confidential material

12  – and nothing in these provisions should be construed as authorizing or encouraging a Receiving

13  Party in this action to disobey a lawful directive from another court.

14  9.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

15  LITIGATION

16  (a)  The terms of this Order are applicable to information produced by a Non-Party in this

17  action and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  Such information

18  produced by Non-Parties in connection with this litigation is protected by the remedies and relief

19  provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party

20  from seeking additional protections.

21  (b)  In the event that a Party is required, by a valid discovery request, to produce a Non-

22  Party's confidential information in its possession, and the Party is subject to an agreement with the

23  Non-Party not to produce the Non-Party's confidential information, then the Party shall:

24  (1)  promptly notify in writing the Requesting Party and the Non-Party that some or

25  all of the information requested is subject to a confidentiality agreement with a Non-Party;

26  (2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in

27  this litigation, the relevant discovery request(s), and a reasonably specific description of the

28  information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material. All disclosure and discovery disputes are subject to the undersigned's Standing Order Regarding All Civil Cases.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
      MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), if the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate that agreement into this stipulated protective order by submitting it  to the court.

12.     MISCELLANEOUS

      12.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

      12.2     Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

      12.3     Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13.     FINAL DISPOSITION

      Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations,

summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

PURSUANT TO STIPULATION AND GOOD CAUSE HAVING BEEN SHOWN, IT IS SO ORDERED.

DATED: December 1, 2021

_____
Hon. Pedro V. Castillo
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____[date] in the case of *Andreas Knüttel, et. al., v. Omaze, Inc.*, United State District Court, Central District of California, Case No. 2:21-cv-09034-SB-PVCx. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose or otherwise make available in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity and will not place such information or item in a location that is accessible or could become accessible to any entity or person, except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

14